The Honorable Denny Altes State Senator 8600 Moody Road Fort Smith, AR 72903-6718
Dear Senator Altes:
I am writing in response to your request, on behalf of a constituent, for an opinion concerning The Cooperative Purchasing Network ("TCPN"). As your constituent notes, TCPN is a Texas-based program that offers commodity contracts to, among others, public school districts through a purchasing network.[1] As further background for his question, your constituent states that "[s]ome contractors in the State of Arkansas have begun to market their services for construction of new facilities from the ground up, including design services, using this method of delivery." Your constituent also states that "TCPN offers commodity contracts to participating agencies that have been established through open competition as prescribed by the laws of the State of Texas." This appears consistent with information on the website (supra at n. 1).
The following question is posed in this regard:
 Would the service provided by [TCPN] run afoul of any laws in this state as they pertain to providing contracting services on totally new public school facilities or providing goods and services within a competitively bid contract for a totally new public school facility?
RESPONSE
I assume in light of the factual backdrop to your request that by referring to "contracting services on totally new . . . facilities" you mean services in the nature of professional services that would be obtained through TCPN. With this in mind in addressing the first part of your question, I have identified A.C.A. §§ 19-11-801 through -805 (Supp. 2005), which governs the procurement of "construction management" services, and A.C.A. §19-11-807 (Supp. 2005), which addresses the "design-build" project delivery method. The method of contracting by TCPN in my opinion runs afoul of these Arkansas laws. The answer to the second part of your question concerning "providing goods and services within a competitively bid contract" is less clear. You have not specified how this would occur, and I cannot speculate in this regard. I will note, however, that a "competitively bid contract for a totally new public school facility" would be governed by A.C.A. § 22-9-203 (Supp. 2005), the so-called "public works" law, and that no other Arkansas law would apply to "providing goods or services" where compliance must be had with the public works law.
In considering the potentially applicable laws in response to the first part of your question, I have determined that A.C.A. §§19-11-801 through -805 and -807 are most likely implicated by your constituent's reference to "design services" in connection with school facility construction. Arkansas Code Annotated §19-11-801 addresses the procurement of professional services, including "construction management," and states:
 It is the policy of the State of Arkansas and its political subdivisions that political subdivisions shall follow the procedures stated in this section, except that competitive bidding shall not be used for the procurement of legal, financial advisory, architectural, engineering, construction management, and land surveying professional consultant services.
A.C.A. § 19-11-801(b) (Supp. 2005) (emphasis added). See also
A.C.A. § 19-11-802(c)(1) (Supp. 2005).
"Construction management" means:
 . . . a project delivery method based on an agreement in which a state agency, political subdivision, public school district, or institution of higher education acquires from a construction entity a series of services that include, but are not limited to, design review, scheduling, cost control, value engineering, constructability evaluation, preparation and coordination of bid packages, and construction administration.
A.C.A. § 19-11-801(d)(1) (Supp. 2005) (emphasis added).[2]
Arkansas Code Annotated § 19-11-807 authorizes "design-build construction" as follows:
 Any school district may use design-build construction as a project delivery method for building, altering, repairing, improving, maintaining, or demolishing any structure, or any improvement to real property owned by the school district.
Id. at (b)(1) (Supp. 2005).
"Design-build" is defined as:
 . . . a project delivery method in which the school district acquires both design and construction services in the same contract from a single legal entity, referred to as the "design-builder", without competitive bidding[.]
Id. at (a)(1) (emphasis added).[3]
Turning then to the process by which contracts are awarded to vendors by TCPN, the TCPN website states in relevant part:
 Annual contracts, available through the TCPN program, are awarded to vendors on the basis of competitive, sealed proposals in response to written Request for Proposals (RFP's). Proposals are opened publicly and evaluated by TCPN Evaluation Committees.
 Proposals are generally evaluated by the following best value criteria:
• Quality of product line and/or service.
 • Quantity of line items available that are used by participating entities.
• Customer support.
 • Vendor's demonstrated ability to perform under a statewide cooperative contract.
• Pricing.
www.tcpn.org (under "Arkansas" and "Bidder Info.")
Assuming that this accurately reflects TCPN's award process, I conclude that its use for the procurement of the professional services governed by A.C.A. §§ 19-11-801 through -805 and -807 would be contrary to these Arkansas statutes. A competitive process such as that utilized by TCPN would clearly contravene Arkansas law in this respect.
Regarding the second part of your question, I assume from the reference to a "competitively bid contract" and a "totally new public school facility" that this involves a contract to be awarded under the so-called "public works" law, the relevant portions of which are found at A.C.A. §§ 22-9-203 (Supp. 2005) and -204 (Repl. 2004). This law applies to contracts "for the making of major repairs or alterations, for the erection of buildings or other structures, or for making other permanent improvements" where the estimated costs of the work exceed $20,000. A.C.A. § 22-9-203(a). Although I am uncertain what is contemplated by your reference to "providing goods and services within a competitively bid contract," I will note that to my knowledge there are no separate Arkansas laws that address "providing goods and services" apart from A.C.A. §§ 22-9-203 and -204 in the case of a contract governed by the public works law. The "prime contractor" is in charge of the total construction, and goods and services are included in the "estimated costs of the work" when compliance must be had with that law. A.C.A. §§22-9-203(a) and -204 (a). It also bears mentioning that the prime contractor includes in the bid for the work the names of subcontractors of his or her choosing in accordance with A.C.A. §22-9-204(a) and (c)(1) (Repl. 2004).[4] Or the contractor alternatively "may use his or own forces. . . ." Id. at (b)(1).
It therefore seems that the TCPN program would not apply in the context of a public improvement contracted pursuant to the Arkansas public works law, which appears to be the applicable law under the second part of your question.
Please note, finally, that I have enclosed a copy of a recently issued opinion (Op. Att'y Gen. 2005-296) that discusses TCPN and the applicable requirements under Arkansas law in connection with this purchasing program. This may offer further guidance in addressing concerns your constituent may have with respect to TCPN's services in Arkansas.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
Enclosure
[1] According to its website, (www.tcpn.org), TCPN is operated through the Region 4 Education Service Center ("Region 4"). It is my understanding that Region 4 is a Texas public entity that, similar to an Arkansas education service cooperative, provides assistance to school districts in improving student performance and increasing the efficiency and effectiveness of school operations. See generally TEX. EDUC. CODE 8.002(a). The TCPN program is offered to school districts in Arkansas by the Arch Ford Education Service Cooperative ("Arch Ford"). See TCPN website, supra.
[2] "Construction management" includes, but is not limited to:
 (A)(i) "Agency construction management", in which a public school district selects a construction manager to serve as an agent for the purpose of providing administration and management services.
 (ii) The construction manager shall not hold subcontracts for the project or provide project bonding for the project;
 (B) "At-risk construction management", in which the construction entity, after providing agency services during the preconstruction period, serves as the general contractor and the following conditions are met:
 (i) The construction manager provides a maximum guaranteed price;
 (ii) The public school district holds all trade contracts and purchase orders; and
 (iii) The portion of the project not covered by the trade contracts is bonded and guaranteed by the construction manager; and
 (C)(i) "General contractor construction management", in which the construction entity, after providing agency services during the preconstruction period, serves as the general contractor.
 (ii) The general contractor shall hold all trade contracts and purchase orders and shall bond and guarantee the project.
[3] A "design-build contract" means:
 . . . the contract between the school district and a design-builder to furnish the architecture, engineering, and related services as required and to furnish the labor, materials, and other construction services for the same project.
A.C.A. § 19-11-807(a)(3).
A design-builder" is defined as:
 . . . any individual, partnership, joint venture, corporation, or other legal entity that is appropriately licensed in the State of Arkansas and that furnishes the necessary design services, in addition to the construction of the work, whether by itself or through subcontracts, including, but not limited to, subcontracts for architectural services, landscape architectural services, and engineering services.
Id. at (2)(A).
The design-builder contracts directly with subcontractors. Id.
at (b)(2).
[4] Subsection 22-9-204 (a) states:
 As a condition to performing construction work for and in the State of Arkansas, all prime contractors shall use no other subcontractors when the subcontractors' portion of the project is twenty thousand dollars ($20,000) or more, except those licensed by the Contractors Licensing Board and qualified in:
 (1) Mechanical, indicative of heating, air conditioning, ventilation, and refrigeration;
(2) Plumbing;
(3) Electrical; and
 (4) Roofing.